IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| MB FINANCIAL BANK, N.A., | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Civil No. 2012-92 |
| WORLD FRESH MARKET, LLC, a United States Virgin Islands Limited Liability Company, | ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is MB Financial Bank, N.A.'s Motion for the Appointment of a Receiver [DE 8], which World Fresh Market, LLC opposes [DE 17].

### I.   STATEMENT OF FACTS

This diversity suit is a commercial foreclosure action. MB Financial Bank, N.A. ("MB Financial") is the assignee of the loan and mortgage at issue. Collateral securing the loan includes World Fresh Market, LLC's ("WFM") leasehold interest in four grocery stores located in the Virgin Islands ("the VI Properties"), in addition to real property located in Chicago, Illinois.[1] Pl.'s Mem., Ex. H at 2 [DE 9-8] (identifying the collateral securing the loan). On December 3, 2012, MB Financial initiated this action, alleging WFM is in default under the terms and conditions of the loan documents and requesting, *inter alia*, judgment foreclosing the mortgage.

---

[1] As described in the appraisal reports accompanying defendant's response, the Chicago properties are comprised of commercial real estate in which WFM has either a leasehold or fee simple interest. *See* Def.'s Resp., Ex. B [DE 18-1].

## II.  DISCUSSION

MB Financial seeks the appointment of a receiver[2] to collect the rents and profits of the VI Properties pending the outcome of the foreclosure action.[3] Virgin Islands courts have recognized two standards governing receivership appointments: (1) the standard set forth in Section 4.3 of the Restatement (Third) of Property: Mortgages ("Restatement"); and (2) the multi-factor equitable test enunciated in the unpublished opinion of *National Investors Pension Insurance v. Bayside Resort Inc.*, 1984 U.S. Dist. LEXIS 24701 (D.V.I. 1984).[4] *See e.g., First Am. Dev. Group/Carib, LLC v. WestLB AG*, 53 V.I. 107 (V.I. Super. Ct. 2010) (discussing both standards); *Mortg. Elec. Registration Sys., Inc. v. Patock*, 51 V.I. 917, 928 (D.V.I. 2009) (discussing *National Investors* standard only). While urging the Court to adopt the Restatement standard, MB Financial contends it is nevertheless entitled to the appointment of a receiver regardless of the standard applied.[5]

---

[2]  "[T]he intended purpose of the receiver . . . is to preserve and maintain the [property] site during the pendency of [] litigation, to preserve the value of the security, and to ensure that the laws and regulations of the U.S. Virgin Islands are fully complied with." *First Am. Dev. Group/Carib, LLC v. WestLB AG*, 53 V.I. 107, 130 (V.I. Super. Ct. 2010).

[3]  WFM expressly consented to the appointment of a receiver under these circumstances in the loan agreement. *See* Pl.'s Mem., Ex. A, Loan Agreement, Art. III ¶ 4(b) [DE 9-1] (providing for the appointment of a receiver of the Virgin Islands and Chicago properties "or any part thereof, and of all the earnings, revenues, rents, issues, profits and income thereof" in the event of default and a subsequent foreclosure action).

[4]  "Although unpublished opinions are not binding precedent, citation to such opinions is not prohibited and unpublished opinions may still be persuasive authority." *Bren v. Nationwide Mut. Ins. Co.*, 2008 U.S. Dist. LEXIS 762, at *15 n.4 (M.D. Pa. 2008) (internal citation omitted).

[5]  Relying on the citation to the Restatement by the Supreme Court of the Virgin Islands in *Celestin v. LLP Mortg., Ltd.*, 2007 V.I. Supreme LEXIS 6 (2007), MB Financial suggests this case is controlled by the Restatement standard. *See* Pl.'s Mem. at 5 (noting the Supreme Court "has cited approvingly" to the Restatement). However, the court's citation to the Restatement was in the context of the enforceability of a mortgage – it did not consider the issue of receivership. *See Celestin*, 2007 V.I. Supreme LEXIS 6, at *4 (citing sections 1.1 and 1.2(a) of the Restatement).

  This Court's research revealed only one Virgin Islands case discussing section 4.3 of the Restatement. In *First American*, the Virgin Islands Superior Court analyzed a lender's right to a receivership under both the Restatement and the *National Investors* standards. 53 V.I. 107. Finding the lender was entitled to the appointment

### A. The Restatement Standard

Section 4.3 of the Restatement addresses a mortgagee's entitlement to the appointment of a receiver and states in relevant part:

> (b) A mortgagee is entitled to the appointment of a receiver to take possession of the real estate if the mortgagor is in default under the mortgage and the mortgage or other agreement contains either a mortgage on the rents or a provision authorizing appointment of a receiver to take possession and collect rents upon mortgagor default.

Restatement (Third) of Property: Mortgages § 4.3(b); *accord First Am. Dev. Group/Carib, LLC*, 53 V.I. at 121. As Comment b of the Reporters' Notes to the Restatement explains, section 4.3(b) is directed towards mortgages on <u>rental real estate</u>. Thus, under the Restatement, if the mortgage is on rental real estate and contains a provision for the appointment of a receiver, and the borrower is in default, the lender is entitled to a receiver.[6]

Given the Virgin Islands courts have not taken the position that the Restatement standard controls, this Court follows the guidance set forth in *National Investors*, discussed below. *See Patock*, 51 V.I. at 928 (applying *National Investors* standard). Nevertheless, even if the Restatement standard controls, its applicability to the instant matter is unclear. Unlike the Chicago properties, some of which are apparently owned by WFM and serve as rental property, filings by the parties suggest that the VI Properties are merely leased by WFM and are used as

---

of a receiver under either, the Superior Court declined to decide which standard controls in the Virgin Islands. *Id*. at 121.

[6] The rationale for this position is explained as follows:

> [A]ny mortgagor of *rental real estate* who either consents in advance to a receivership or mortgages the rents is typically commercially sophisticated. Consequently, there seems to be little policy justification, other than a highly conceptual and strained interpretation of the lien theory of mortgages, for allowing such mortgagors to avoid the impact of such agreements.

Restatement (Third) of Property: Mortgages § 4.3, Reporters' Notes, Comment b (emphasis added).

retail grocery stores. Accordingly, it does not appear that WFM is a mortgagor of <u>rental real estate</u> with respect to the VI Properties – a requirement under the Restatement standard.

**B.      The *National Investors* Standard**

Under the standard enunciated in *National Investors*, the appointment of a receiver is considered "an equitable remedy of rather drastic nature available at the discretion of the Court." *Patock*, 51 V.I. at 928 (quoting *Nat'l Investors Pension Ins. Co.*, 1984 U.S. Dist. LEXIS 24701, at *5). Accordingly, a court is not bound by mortgage stipulations providing for an appointment of a receivership upon default of the mortgagor. *Nat'l Investors Pension Ins. Co.*, 1984 U.S. Dist. LEXIS 24701, at *4. The following factors guide the Court in its exercise of discretion: "1) whether the security is adequate to cover the debt, 2) whether the mortgagor is insolvent, 3) whether there exists in the mortgage instrument a pledge of rent and profits to the mortgagee, 4) whether waste has been committed, 5) or whether the security is endangered by nonpayment of taxes." *Id*. at *6.

1.      <u>Adequacy of security to cover defendant's debt</u>

The security in this case includes the VI Properties, as well as "all inventory, furniture, equipment, accounts, chattel, papers, receivables, proceeds, accessories, cash collateral and other personal property" of WFM. Pl.'s Mem. at 3; Ex. E [DE 9-5]. While not acknowledged by MB Financial in its memorandum, the security also includes real property located in Chicago, Illinois. *See* Pl.'s Mem., Ex. H at 2 [DE 9-8]. As of November 28, 2012, the debt payoff totaled $4,589,714.94. Pl.'s Mem., Ex. G, Kosminskas Aff. ¶ 8 [DE 9-7].

MB Financial contends the VI Properties are inadequate to cover the debt because MB Financial's "security interests in the propert[ies] predominantly consist of grocery store inventory, and [WFM's] stock is almost entirely perishable product." Pl.'s Mem. at 7. MB

*MB Financial Bank, N.A. v. World Fresh Market, LLC*
Civil No. 2012-92
Page 5

Financial offers no evidentiary support, however, such as an appraisal report, establishing the inadequacy of the security to cover the debt. Moreover, affidavit testimony of Ahmad M. Alkhatib ("Mr. Alkhatib"), the sole shareholder and managing member of WFM, indicates the inventory value of each grocery store exceeds one million dollars. Alkhatib Aff. ¶ 2 [DE 17-1]. Mr. Alkhatib avers further that appraisal reports for the properties located in Chicago, Illinois indicate values exceeding MB Financial's claim. *Id.* ¶ 3; *see also* Ex. B, Summary Appraisal Reports [DE 18-1]. Accordingly, MB Financial has not submitted sufficient evidence of the inadequacy of the security to cover WFM's debt to MB Financial.

2. <u>Defendant's insolvency is inconclusive</u>

MB Financial relies on WFM's alleged status as a "single purpose entity" having no other source of income, coupled with its past-due balance of $4,589,714.94, in support of its position that WFM is insolvent. Pl.'s Mem. at 8.

"'Insolvent' is defined as a debtor 'having liabilities that exceed the value of assets' or the inability to pay debts as they fall due or in the usual course of business." *Thabault v. Chait*, 541 F.3d 512, 517 (3d Cir. 2008) (quoting Black's Law Dictionary 812 (8th ed. 2004)); *see* 11A V.I.C. § 201(22) (defining insolvent as "(A) having generally ceased to pay debts in the ordinary course of business other than as a result of bona fide dispute; (B) unable to pay debts as they become due; or (C) insolvent within the meaning of federal bankruptcy law"). MB Financial has submitted evidence of WFM's failure to pay its mortgage obligations as they fall due; however, a failure to pay does not equate to an inability to pay. As the Court does not have a complete accounting profile of WFM, it cannot definitively conclude that WFM is insolvent.

3. <u>The mortgage contains a pledge of rents and profits</u>

WFM concedes MB Financial has established the existence of the third factor. *See* Def.'s

Mem. at 3; *see also* Pl.'s Mem., Ex. E, Security Agreement, Schedule "A" ¶ (iii) [DE 9-5 at 13](listing as collateral all rents and profits).

4.  Commission of waste on the VI Properties

The Restatement describes the factors a court should consider when determining what constitutes waste. Restatement (Third) of Property: Mortgages § 4.6.[7] Here, MB Financial merely speculates that WFM "likely has been committing waste on the propert[ies] pursuant to Restatement § 4.6(a)(2) by failing to properly maintain the propert[ies]." MB Financial offers no evidence in support of its position. Accordingly, MB Financial has not established that WFM has committed waste on the VI Properties.

5.  The VI Properties are not endangered by the nonpayment of taxes

MB Financial states that the last factor is a non-issue as WFM only holds a leasehold interest in the VI Properties. *See* Pl.'s Mem. at 8.

In sum, MB Financial has not established to the Court's satisfaction that (1) the security is insufficient to cover the debt, (2) WFM is insolvent or (3) WFM has committed waste. Given the drastic nature of the appointment of a receiver, the Court finds that such an appointment is not warranted at this time.

---

[7] Section 4.6(a) of the Restatement provides that waste occurs when, without the mortgagee's consent, the mortgagor:

(1) physically changes the real estate, whether negligently or intentionally, in a manner that reduces its value;
(2) fails to maintain and repair the real estate in a reasonable manner, except for repair of casualty damage or acts of third parties not the fault of the mortgagor;
(3) fails to pay before delinquency property taxes or governmental assessments secured by a lien having priority over the mortgage;
(4) materially fails to comply with covenants in the mortgage respecting the physical care, maintenance, construction, demolition, or insurance against casualty of the real estate or improvements on it; or
(5) retains possession of rents to which the mortgagee has the right of possession under § 4.2.

### III.   CONCLUSION

For the foregoing reasons, MB Financial's motion for the appointment of a receiver [DE 8] is DENIED WITHOUT PREJUDICE.

**Dated:** March 6, 2013                                      S\_____
                                                                                    **RUTH MILLER**
                                                                                    United States Magistrate Judge